**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

JAMES B. HERRERA,

          Plaintiff,

     vs.                                     Case No. 1:25-cv-00658 KWR/JMR

MADDOX MANAGEMENT, LLC,

          Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon the following motions:

- Plaintiff's Motion to Seal **(Doc. 18)**;

- Defendant's Motion to Dismiss **(Doc. 23)**;

- Defendant's Motion to Set Aside Default **(Doc. 24)**;

- Plaintiff's Motion for Default Judgment **(Doc. 25)**;

- Plaintiff's Motion to Seal Certain Exhibits **(Doc. 26)**;

- Plaintiff's Motion to Strike Defendant's Motion to Dismiss **(Doc. 29)**;

- Plaintiff's Emergency Motion for Protective Relief and Escrow **(Doc. 32)**; and

- Plaintiff's Motion to Exceed Page Limits **(Doc. 35).**

Defendant moves to dismiss this case pursuant to _Colorado River_ abstention or res judicata. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's Motion to Dismiss is not well-taken and, therefore, is **DENIED.** However, as explained below, the Court orders Plaintiff to show cause within **twenty-one (21) days** of the entry of this order

why this case should not be dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND[1]

This case follows Defendant Maddox Management, LLC's eviction proceeding against Plaintiff James Herrera. The Metropolitan Court granted the eviction. Plaintiff appealed that decision to the Second Judicial District Court, which held a *de novo* bench trial, found in Maddox's favor, and awarded damages in Maddox's favor.

Plaintiff subsequently filed Fair Housing Act cases in state court and in this court. Generally, Plaintiff alleges that during the eviction proceedings he attempted to find alternative housing and Maddox responded to rental verification checks by prospective landlords with allegedly misleading or false information. He does not provide factual allegations describing the alleged false information.

### A.    Eviction Proceedings.

The Metropolitan Court's eviction decision was appealed to the Second Judicial District Court. Following a *de novo* bench trial, the state district court made the following findings. *See* Final Judgment on Appeal Following De Novo Trial, Award for Damages, Fees and Costs and Closing and Dismissing Case, *Maddox Management, LLC v. James B. Herrera*, D-202-cv-2024-02951 (Second Judicial District Court, April 9, 2025).

The state district court noted that Mr. Herrera failed to appear at trial and found that he no longer resides on the premises at issue. *Id.* at 1. It found that the parties entered into a written lease agreement. Rent was $795 per month. Mr. Herrera was served with a three-day notice on September 5, 2023 for failure to pay August and September 2023 rent. *Id.* at 3. The parties

---

[1] The court may take *sua sponte* judicial notice of the case filings in state court. *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020).

reached an agreement in Metropolitan Court in which Mr. Herrera would vacate the premises by December 31, 2023 and the landlord would dismiss the eviction without prejudice. Mr. Herrera did not vacate by the agreed date, and the landlord reopened the eviction case to enforce the settlement agreement. *Id.* The Metropolitan Court granted the motion to enforce the settlement agreement and entered a Judgment for Restitution on April 9, 2024. *Id.* Mr. Herrera voluntarily vacated the premises on June 25, 2024, but appealed the eviction decision to state district court. *Id.*

The state district court held a *de novo* bench trial on April 8, 2025 and found that Mr. Herrera owed $9,152.86 in damages, including unpaid rent, late fees, other charges allowed by the lease, as well as a replacement stove, broken window and cleaning fee. *Id.* Maddox Management, LLC was also awarded attorneys' fees in the amount of $7,130.16. *Id.* at 4.

The state district court entered its mandate on May 12, 2025, stating that the judgment was final. Mandate to the Metropolitan Court, *Maddox Management, LLC v. James B. Herrera*, D-202-cv-2024-02951(Second Judicial District Court, May 12, 2025).

### B. Fair Housing Act cases.

On July 11, 2025, Plaintiff filed a complaint in this court asserting a (1) Fair Housing Act claim, (2) a procedural due process claim, and (3) a Rehabilitation Act claim. Plaintiff alleges that his landlord – who was pursuing eviction proceedings against him in state court – responded to rental verifications by prospective landlords with false or misleading information, impeding his ability to find alternative housing and resulting in the loss of his Section 8 voucher. Plaintiff summarily alleges as follows in his Amended Complaint (Doc. 6):

### IV. FACTUAL ALLEGATIONS

7. Plaintiff resided in a rental property managed by Maddox Management LLC beginning in August 2021.

3

8. Plaintiff received Section 8 housing assistance through the Albuquerque Housing Authority (AHA).

9. Defendant interfered with Plaintiff's attempt to relocate under his voucher by submitting false or misleading information to prospective landlords, leading to wrongful denials.

10. As a result, Plaintiff's Section 8 voucher assistance was revoked, causing financial hardship and job loss.

11. Defendant retaliated against Plaintiff for asserting his housing rights, including pursuing inflated and excessive claims for property damages, refusing to apply rent credits, and contributing to an unlawful eviction.

12. Plaintiff moved out of the property on June 1, 2024, after filing an appeal in state court.

13. Despite Plaintiff filing an excused absence for the hearing, the state court entered judgment against Plaintiff in the appeal.

14. Plaintiff suffers from documented medical and psychological disabilities and had requested reasonable accommodations from Defendant, which were ignored.

15. Plaintiff attempted to resolve the dispute through a good faith settlement offer, which was dismissed by Defendant's attorney, who further instructed Plaintiff to cease all future communication.

16. Plaintiff does not seek to vacate or overturn the state court judgment but seeks prospective relief for ongoing and future harms stemming from Defendant's conduct.

## V. CLAIMS FOR RELIEF

**Count I: Violation of the Fair Housing Act (42 U.S.C. § 3604, § 3617)**
17. Defendant unlawfully interfered with Plaintiff s housing rights and retaliated against him for engaging in protected activity.

**Count II: Violation of Procedural Due Process (U.S. Const. Amend. XIV)**
18. Plaintiff was deprived of housing and benefits without due process of law when his excused absence from state court proceedings was ignored, contributing to wrongful judgment and eviction.

**Count III: Disability Discrimination (Rehabilitation Act, Section 504)**
19. Defendant failed to accommodate Plaintiff s disabilities and retaliated against him for asserting those rights, resulting in additional housing instability and harm.

Am. Compl., Doc. 6 at 2-3.

On April 24, 2025, Plaintiff filed a complaint in the Second Judicial District Court, New Mexico, asserting similar claims as he asserted in this case. *See* Compl., *James B. Herrera v. Maddox Management, LLC*, D-202-cv-2025-03875 (Second Judicial District Court). In that case, Plaintiff alleged that he applied to rent an apartment at Tesoro Apartments under a Section 8 Housing Choice Voucher program. *Id.* at 4. However, he alleges that Maddox Management, LLC submitted a misleading and incomplete rental verification, causing Tesoro to deny Plaintiff housing. He alleges that Tesoro management admitted the denial was based on an error and indicated willingness to reconsider. However, Plaintiff lost his Section 8 voucher, housing assistance, and employment. His complaint asserted a violation of the Fair Housing Act and a Rehabilitation Act claim. He also cited to 42 U.S.C. § 1983, but did not specify a claim under § 1983. *Id*. at 4.

## DISCUSSION

I.      **The Court sets aside the default and denies default judgment**.

Defendant moves to set aside the Clerk's entry of default, while Plaintiff moves for entry of default judgment. As explained below, the Court sets aside the default and denies entry of default judgment. Therefore, Defendant's Motion to Set Aside Default **(Doc. 24)** is granted and Plaintiff's Motion for Default Judgment **(Doc. 25)** is denied.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause." "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009), *quoted in Watkins v. Donnelly*, 551 F. App'x 953, 958

(10th Cir. 2014). The Court finds good cause to set aside the entry of default, as explained below.

First, it appears that Defendant's response was not late. On August 12, 2025, Judge Rozzoni issued an Order Regarding Service, directing the Clerk of Court to mail a notice and waiver of service form to Defendant at its New Mexico address. *See* Doc. 11. The waiver of service form was dated August 13, 2025 and provided that if the waiver form was signed and filed on the docket, Defendant would have sixty days from the date the form was sent to answer the complaint.  Doc. 21 at 1.  The form was signed and filed on the docket.  *See* Docs. 20, 21.

Second, even assuming Defendant's answer or response was late, any delay was not willful or in bad faith. Rather, the delay appeared to have been caused by Defendant receiving, and executing, two separate waiver of service forms with different deadlines for filing an answer or response. Both Plaintiff and the Court sent Defendant notice and waiver of service forms. Defendant received and executed a notice and waiver of service form which provided that the answer was due 60 days from the date of the notice, August 13, 2025. Doc. 21 at 1. Defendant also received and executed a different notice and waiver of service form, which provided that an answer or response weas due within sixty days of July 11, 2025. Therefore, Defendant reasonably believed that the deadline was October 11, 2025. Moreover, Defendant timely filed a notice to set aside default, eleven days after the entry of default.

Plaintiff was not prejudiced by the delay.  As explained above, Defendant's answer was due either on or about September 9, 2025 or October 11, 2025, depending on which signed waiver of service form was effective.  Here, Defendant filed its motion to dismiss on September 25, 2025 and its motion to set aside default on September 26, 2025.  *See* Docs. 23, 24.

Finally, Defendant disputes the merits and does not concede that Plaintiff's case is meritorious. Defendant filed a motion to dismiss. As explained below, it appears that Plaintiff's Amended Complaint does not state a claim upon which relief can be granted.

Therefore, the Court concludes there is good cause to set aside default, and the Court grants Defendant's Motion to Set Aside Default (Doc. 24).

Because the Court has set aside default, default judgment is not appropriate and the Court denies Plaintiff's Motion for Default Judgment (Doc. 25). Rule 55 mandates a two-step process for entering a default judgment. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55(a). Second, the party must request a default judgment. *Id.* Here, because the Court set aside default, default judgment is not appropriate. Therefore, Plaintiff's Motion for Default Judgment (Doc. 25) is denied.

## II.    **The Court declines to abstain under *Colorado River*.**

Defendant moves to dismiss this case under *Colorado River* abstention. *See* Def.'s Mot. Dismiss, Doc. 23. Defendant argues that Plaintiff previously filed a state court case asserting the same claims as in this case. Under *Colorado River* abstention, a federal district court may stay or dismiss a case when there is a prior, parallel state court proceeding pending. As explained below, the cases are not parallel, or alternatively, the *Colorado River* factors do not weigh in favor of abstention.

Generally, federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court of the United States has consistently held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 292 (2005) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, it is well-established that "federal courts have the power to refrain from hearing," among other things, "cases which are duplicative of a pending state proceeding." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996).

First, the Court must examine whether the state and federal proceedings are parallel. *See Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). A suit is considered parallel "if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F. 2d 1072, 1073 (4th Cir. 1991)). The Court must determine whether state and federal cases are parallel as "to grant a stay or dismissal under the *Colorado River* doctrine would be 'a serious abuse of discretion' unless 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.' " *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). A decision to abstain based on the *Colorado River* doctrine "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Id.* at 1082 (quoting *Moses H. Cone*, 460 U.S. at 28).

Here, the Court concludes that the two cases are not parallel. They both assert FHA and Rehabilitation Act claims stemming from Defendant Maddox's alleged response to rental verifications from prospective landlords. In this case, however, Plaintiff asserts a claim which was not brought in state court. Under Count II, Plaintiff alleges his procedural Due Process rights under the Fourteenth Amendment were violated. Thus, it appears these cases are not parallel.

Alternatively, even assuming the cases were parallel, the Court concludes that abstention is not warranted. If a court concludes that there are parallel proceedings, the court must consider the following factors in deciding whether to abstain:

1. the possibility that one of the two courts has exercised jurisdiction over property

2. the inconvenience from litigating in the federal forum

3. the avoidance of piecemeal litigation

4. the sequence in which the courts obtained jurisdiction

5. the "vexatious or reactive nature" of either case

6. the applicability of federal law

7. the potential for the state-court action to provide an effective remedy for the federal plaintiff

8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121–22 (10th Cir. 2018). As explained below, these factors do not weigh in favor of abstention.

The first factor is not relevant here, as there is no property at issue. Plaintiff voluntarily surrendered possession of the rental property and the eviction proceeding is closed. Plaintiff generally seeks damages in this case and the pending state court case for conduct which is separate from the eviction proceeding.

As to the second factor, there is no inconvenience in litigating in federal court as opposed to state court.

As to the third factor, the court must evaluate the risk of piecemeal litigation. "The paramount consideration in *Colorado River* was the third factor: the danger of piecemeal litigation." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir.

2013) (internal quotation marks omitted). This factor focuses on the extent of litigation in state court. Where extensive, years-long litigation has occurred in state court, a federal court may abstain. *Id.* Here, both cases were filed close together and both are on approximately the same litigation track. This Court issued an order to show cause and now this dispositive opinion. The state court held a hearing on the motion to dismiss on November 6, 2025. Moreover, this case has a claim which was not asserted in the state court proceeding. Although a prior eviction proceeding was resolved and closed in state court, most of the claims in this case do not involve the eviction proceeding. Rather, they challenge Defendant's alleged response to rental verifications from prospective landlords. If the Court abstained from this case, Plaintiff's Due Process claim would not be heard or adjudicated. Thus, it would not further the goal of avoiding piecemeal litigation to abstain from this case.

Next, under the fourth factor the Court looks to the order in which the state and federal courts obtained jurisdiction over the matter. In applying this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983); *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1235 (10th Cir. 2013). The state court matter was filed on April 24, 2025, and this matter was filed on July 11, 2025. This Court already issued a prior order to show cause why this case should not be dismissed, and now issues this opinion proposing dismissal of all claims. The state court held a hearing on a motion to dismiss on November 6, 2025. Thus, unlike in *Colorado River* or *D.A. Osguthorpe,* 705 F.3d at 1235, there has not been extensive state court litigation prior to the filing of the federal case, and the state court litigation is not ahead of this case. Therefore, this factor does not weigh in favor of abstention.

As to the fifth factor, the Court must consider the vexatious or reactive nature of either case. To be sure, Plaintiff has filed multiple cases, but that is so whenever *Colorado River* abstention is at issue. This factor does not appear to be relevant or weigh in either direction.

As to the sixth factor, Plaintiff has asserted federal claims. State courts have concurrent jurisdiction over these claims, but these types of claims are often filed in or removed to federal court.

As to the seventh factor, the state court has the same ability to provide an effective remedy as this court.

As to the eighth factor, there does not appear to be forum shopping. This case was filed shortly after the state court case, before any decisions were issued or judicial actions taken in that case.

In sum, the factors are generally neutral or do not weigh in favor of abstention. The Court in *Colorado River* emphasized that "[o]nly the clearest of justifications will warrant dismissal." 424 U.S. at 819. Here, the Court does not find the clearest of justifications warranting dismissal. Therefore, this is not an exceptional case warranting *Colorado River* abstention.

## III.    <u>The Court declines to dismiss this case on res judicata grounds</u>.

Defendant summarily asserts that this case should be dismissed on res judicata grounds. *See* Doc. 23. The Court concludes that Defendant has not adequately briefed *res judicata,* and the Court denies the Motion to Dismiss (Doc. 23) without prejudice.

## IV.    <u>The Court directs Plaintiff to show cause why this case should not be dismissed</u>.

As explained below, Plaintiff's complaint fails to state a claim upon which relief can be granted. The Court orders Plaintiff to show cause why his case should not be dismissed for failure to state a claim.

11

### A.    Relevant legal standards.

Plaintiff filed an application to proceed *in forma pauperis*, which the Court granted.  *See* Docs. 2, 7, 9. Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss "at any time" any complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that… the action… fails to state a claim on which relief may be granted…") (emphasis added). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

All complaints filed in Federal court must also comply with Fed. R. Civ. P. 8(a). Under that rule, a pleading must contain "a short and plain statement" of the grounds for relief, and "[e]ach allegation must be simple, concise, and direct." Rule 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Many of Plaintiff's allegations are vague or conclusory, or he does not provide sufficient factual allegations to state a plausible claim. Vague and conclusory allegations are not sufficient to state a claim. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). A district court reviews a complaint as follows:

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162.
>
> A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are " 'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks*, 985 F.3d at 1281 (footnote omitted).

**B.      The voluminous record violates Rule 8 and the Court will not consider**

**Plaintiff's evidence presented outside of the Amended Complaint (Doc. 6).**

Plaintiff has filed numerous documents, including exhibits, in support of various pleadings or motions. *See, e.g.,* Docs. 17, 33, 36, 39, 40, 41. His Notice of Filing Exhibits A-H (Doc. 17) is 240 pages. He also filed a supplemental declaration with apparently new evidence. Doc. 41. These documents were filed well after he filed his Amended Complaint, were apparently not referenced in his Amended Complaint, and go outside of the allegations in his Amended Complaint. As explained below, the Court will not consider them in determining whether his Amended Complaint states a claim.

"The usual rule is that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." *Waller v. City & Cnty. of Denv.*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (2007)). But the Tenth Circuit has held that "[a] district court **may** consider a document outside the four corners of a complaint in deciding a Rule 12(b)(6) motion if the document is (1) central to the plaintiff's claim, (2) referred to in the complaint, and (3) free of any genuine dispute over its authenticity." *Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1131 (10th Cir. 2024) (emphasis added).

Moreover, "[i]t is not the role of ... the Court ... to sort through a ... complaint and voluminous exhibits ... to construct [the movant's] causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014); *see Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Piecemeal submissions violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (The purpose of Rule 8 "is to give opposing parties fair notice of the basis

of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.") (quotations omitted).

Consistent with these authorities, the Court finds that Plaintiff's numerous submissions violate Rule 8 and the Court declines to consider the supplemental filings in determining whether Plaintiff's Amended Complaint states a claim. The Court will not attempt to piece together factual allegations from various documents filed on the docket which were not attached to or filed with the Amended Complaint. In analyzing whether Plaintiff states a claim, the Court limits its analysis to the four corners of the Amended Complaint (Doc. 6).

**C.    Plaintiff's Fair Housing Act claim (Count I) fails to state a claim.**

Plaintiff summarily alleges that "Defendant unlawfully interfered with Plaintiff's housing rights and retaliated against him for engaging in protected activity." Doc. 6 at 2. Plaintiff alleges that Defendant violated the Fair Housing Act, citing to 42 U.S.C. §§ 3604 and 3617. He also alleges as follows:

> 9. Defendant interfered with Plaintiff's attempt to relocate under his voucher by submitting false or misleading information to prospective landlords, leading to wrongful denials.
>
> 10. As a result, Plaintiff's Section 8 voucher assistance was revoked, causing financial hardship and job loss.
>
> 11. Defendant retaliated against Plaintiff for asserting his housing rights, including pursuing inflated and excessive claims for property damages, refusing to apply rent credits, and contributing to an unlawful eviction.
>
> 12. Plaintiff moved out of the property on June 1, 2024, after filing an appeal in state court.

Am. Compl., Doc. 6 at ¶¶ 9-12.

As explained below, Plaintiff fails to state a Fair Housing Act claim for disability discrimination or retaliation

Under the Fair Housing Act ("FHA"), "it is unlawful to discriminate against a 'buyer or renter because of a handicap,' 42 U.S.C. § 3604(f)(1), or to coerce, intimidate, threaten, or interfere with a person's exercise or enjoyment of any right granted or protected by the FHA, *id.*, § 3617." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between [his] disability or protected activity and the alleged adverse action." *Id.* (citing *Wilson v. Warren Cty.*, 830 F.3d 464, 467-68 (7th Cir. 2016) (affirming dismissal under Rule 12(b)(6) because plaintiff claiming violations of §§ 3604(f)(1) & 3617 failed to plausibly allege that adverse action was "because of his disability")).

Plaintiff does not plausibly allege discrimination. To prove a claim of discrimination under the FHA or Rehabilitation Act, Plaintiff may offer either direct evidence or may point to circumstantial evidence of discriminatory intent, thereby "invok[ing] the familiar *McDonnell Douglas* burden shifting scheme originally spawned in the Title VII arena but long since equally entrenched in the FHA, ADA, and RA contexts." *Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 919 (10th Cir. 2012). Plaintiff bears the burden of putting forth a *prima facie* case of discrimination, which must include factual allegations suggesting that the defendant took the complained of action because of plaintiff's disability. *Id.* at 920.  Here, Plaintiff only summarily asserts discrimination.

Plaintiff alleges he is disabled, but his Amended Complaint does not assert any factual allegations regarding his alleged disability. As the Court explained below in its analysis of the Rehabilitation Act claim, Plaintiff failed to plausibly allege that he is disabled.

Plaintiff alleges that Defendant discriminated against him by responding to rental verifications by prospective landlords with false or misleading information. But Plaintiff also

does not allege that Defendant discriminated *in the sale or rental of a dwelling, or otherwise made unavailable or denied him* a dwelling, because of his disability. 42 U.S.C. § 3604(f)(1)(A) (it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter."). Plaintiff does not allege that Defendant denied him a rental or a dwelling. Rather, Plaintiff alleges that Defendant violated the Fair Housing Act when it provided an allegedly false or misleading response to rental verification inquiries from prospective landlords, while the state court eviction proceeding was pending.  This type of claim does not appear to fall under the Fair Housing Act.

Plaintiff also does not allege any facts supporting his conclusory allegation that Defendant responded to rental verifications with a false or misleading statement. He does not explain or state the alleged misleading or false statement.

Moreover, Plaintiff fails to plausibly allege causation. "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between her disability or protected activity and the alleged adverse action."  *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017).  Here, Plaintiff failed to identify a connection between his protected activity or disability and the alleged adverse action. Plaintiff failed to identify a protected activity, and he failed to state that Defendant was aware of his disability. Moreover, Plaintiff's Amended Complaint fails to identify when the alleged false statements occurred.

Plaintiff alleges that he received Section 8 housing assistance and Defendant "interfered with Plaintiff's attempt to relocate under his voucher by submitting false or misleading information to prospective landlords" during the pendency of the eviction proceedings.  Am. Compl., Doc. 6 at 2. It is unclear why Defendant would intentionally interfere with his use of a Section 8 voucher with another landlord, especially when it appears that interfering with

Plaintiff's attempt to move left Defendant with a non-paying tenant and greater uncollected damages.

Plaintiff also alleges that Defendant retaliated against him. The FHA prohibits retaliation against individuals on the basis of their exercise of their rights under the FHA:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 [42 U.S.C. § 3603, 3604, 3605, or 3606].

42 U.S.C. § 3617. "To prove a 3617 retaliation claim, a plaintiff must show that '(1) [he] is a protected individual under the FHA, (2) [he] was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of [his] protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate.' " *Hatfield v. Cottages on 78th Cmty. Ass'n,* No. 21-4035, 2022 WL 2452379, at *8 (10th Cir. July 6, 2022) (quoting *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009)). As explained above, Plaintiff did not allege that Defendant was motivated by an intent to discriminate. Moreover, he does not assert sufficient factual allegations to plausibly allege that Defendant interfered with his protected activity under the FHA or a right under § 3604. He also does not plausibly allege causation.

Plaintiff alleges that Defendant pursued damages in the state court eviction proceeding because of his protected activity. He does not assert factual allegations plausibly supporting this allegation. He does not identify his protected activity or plausibly allege that the state court issued damages because of his protected activity or disability. Rather, the state court held a bench trial, heard evidence, and issued a damages judgment for unpaid rent, late fees, damages to the property, and attorney's fees.

Moreover, he does not allege any factual allegations supporting his assertion of harassment, surveillance, and property interference. He asserts that his home was broken into on March 6, 2025 and that he has been surveilled. But he does not assert that Defendant was involved at all or assert facts plausibly alleging that Defendant Maddox was involved in the break-in or surveillance.

Finally, Plaintiff does not identify when he engaged in his alleged protected activity, and whether it was before or after Defendant filed the eviction proceedings. Defendant Maddox Management won the eviction proceedings in Metropolitan Court following a bench trial at which it presented evidence on April 9, 2024. *See Morgan v. Carrington Mortg. Servs.,* 719 F. App'x 735, 744 (10th Cir. 2017) (concluding that plaintiff failed to show causation when they engaged in protected activity only after mortgagor successfully foreclosed on loan).

Therefore, Plaintiff failed to plausibly allege a Fair Housing Act claim under Count I.

**D.    The Court dismisses Plaintiff's Fourteenth Amendment Procedural Due Process Claim (Count II).**

The Court concludes that Plaintiff's Amended Complaint fails to state a claim as to the Fourteenth Amendment procedural due process claim (Count II).

First, *Rooker-Feldman* bars the Court from concluding that the state court judgment was "wrongfully" entered, or that his procedural due process rights were violated when the state court allegedly held his absence from a bench trial against him and entered judgment against him. Generally, the avenue to challenge a wrongfully issued judgment is an appeal. As the Court explained in a prior order to show cause, the *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*

> 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019) (citation omitted); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Here, Plaintiff alleges that he was "deprived of housing and benefits without due process of law when his excused absence from state court proceedings was ignored, contributing to wrongful judgment and eviction." Am. Compl., Doc. 6 at 2. He seeks compensatory damages of $25,000, punitive damages, and "prospective" injunctive relief prohibiting Defendant from continuing "retaliatory and discriminatory housing practices." *Id.* at 3. Plaintiff expressly states that the state court judgment in his eviction proceedings was "wrongful." *Id.* at 2. Although his complaint is terse, he appears to assert that his procedural due process rights were violated by the state court entering judgment against him after it allegedly held his absence from a hearing against him. But he does not appear to plead any wrongful acts by Defendant Maddox which violated his procedural due process rights.

The Court issued an order to show cause why this claim should not be dismissed, and Plaintiff only argued in response that he was not seeking to vacate the state court judgment. *See* Doc. 4. But *Rooker-Feldman* may still apply where a party asserts that a state court judgment was wrongfully entered and it violated their procedural due process rights. *See Dillard v. Bank of New York*, 476 F. App'x 690, 691 (10th Cir. 2012) (procedural due process claim alleging her due process rights were violated during foreclosure proceedings barred by *Rooker-Feldman* doctrine); *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 784 (10th Cir. 2018)

(*Rooker-Feldman* barred due process claim asserting that state court's entry of judgment violated due process rights). This is the case even when the desired remedy is "unclear", but the claim is nonetheless based on an allegation that "the state court's judgment was defective." *Rodriguez*, 756 F. App'x at 784. Thus, *Rooker-Feldman* bars Plaintiff's Fourteenth Amendment due process claim (Count II).

Alternatively, assuming the Court has jurisdiction over the due process claim, Plaintiff fails to allege that Defendant Maddox Management is a state actor. Plaintiff asserts a Fourteenth Amendment procedural due process claim, which is analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Here, Plaintiff does not allege that Defendant was a state actor or acted under the color of law during the eviction proceedings. Moreover, Plaintiff does not allege a connection between Defendant's conduct and the alleged due process violation. Plaintiff alleges that the state district court, not Defendant, wrongfully entered judgment after Plaintiff failed to appear at the bench trial. The state court held the bench trial, took evidence, and entered judgment. Defendant Maddox was a landlord pursuing an eviction proceeding in state court for failure to pay rent, not a state actor.

Next, Plaintiff does not plead any facts stating how Defendant violated his due process rights. Plaintiff alleges that the state court wrongfully entered judgment against him after he failed to appear at a hearing. But he does not allege any acts by the *Defendant* in violating his due process rights. Plaintiff cannot assert a Fourteenth Amendment due process claim against the state court in this federal case. The state district court has sovereign immunity in federal court as to § 1983 claims. *Springer v. Seventh Judicial District Court*, No. 24-2174, 2025 WL 3121605, at *3 (10th Cir. Nov. 7, 2025).

Therefore, the Court dismisses the Fourteenth Amendment due process claim (Count II).

### E.    Count III – Rehabilitation Act.

Plaintiff asserted a claim under Section 504 of the Rehabilitation Act, codified under 29 U.S.C. § 794(a). He summarily alleged that "Defendant failed to accommodate Plaintiff's disabilities and retaliated against him for asserting those rights, resulting in additional housing instability and harm." Am. Compl., Doc. 6 at ¶ 19.

Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Plaintiff has failed to plausibly allege a prima facie case of discrimination in violation of the Rehabilitation Act. He was required to establish that '(1) that [he] is disabled under the Act'; (2) that [he] would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency ...); and (4) that the program has discriminated against the plaintiff." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

Here, Plaintiff summarily alleges that he is disabled, but he does not plausibly allege facts suggesting he is disabled. The Rehabilitation Act defines the term "disability" to mean any of the following:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.
>
> 42 U.S.C. § 12102(2); *see also EEOC Interpretive Guidelines for the Rehabilitation Act,* 29 C.F.R. § 1614.203(b). To be substantially limited in a major life activity, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). The impairment's impact must "be permanent or long term." *Id.* In analyzing whether something is a disability the court looks to whether it is a "physiological disorder or condition affecting one or more body systems, or any mental or psychological disorder." *Enwonwu v. Fulton–Dekalb Hosp. Auth.,* 286 Fed.Appx. 586, 603 (11th Cir.2008) (citing 29 C.F.R. § 1630.2(h)(1), (2)). A medical diagnosis is insufficient, rather, "the ADA requires plaintiffs to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial." *Id.*

*Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010). Plaintiff asserts no factual allegations regarding his alleged disability.

Plaintiff also does not assert any factual allegations plausibly alleging that Defendant Maddox is a "program or activity" under § 794(a) or a recipient of federal financial assistance. *See, e.g., Schrader v. Fred A. Ray, M.D., P.C.,* 296 F.3d 968, 974 (10th Cir.2002) ("Unlike the blanket involuntary coverage of the ADA, however, the Rehabilitation Act's coverage extends only to entities that choose to receive federal assistance."); 29 U.S.C. § 794(b)(3) (a corporation or other private organization is a 'program or activity' under 794(a) if assistance is extended to the entity as a whole or it is principally engaged in the business of providing housing).

Next, he does not assert factual allegation establishing that he was otherwise qualified under the Section 8 program at the time of the alleged discrimination. Plaintiff failed to assert

factual allegations plausibly alleging that he was denied a Section 8 voucher because of discrimination rather than some other reason.

Thus, Plaintiff failed to state a claim under the Rehabilitation Act.

**F.    Conclusion and Order to Show Cause.**

In sum, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. The Court directs Plaintiff to show cause why his case should not be dismissed within **twenty-one (21) days** of the entry of this order. If Plaintiff chooses to fix the defects in his Amended Complaint so that it states a claim, he is granted leave to file a **single pleading** (with exhibits) within that time. This combined document must not exceed thirty pages. If Plaintiff fails to timely show cause or timely file an Amended Complaint which states a plausible claim, the Court may dismiss this case without further notice.

**V.    Plaintiff's Motion to Exceed Page Limits (Doc. 35).**

Plaintiff filed a motion to exceed page limits as to certain exhibits. He has filed multiple exhibits, which do not appear to relate to any specific motion. The motion is denied, as the Court does not consider the exhibits in determining whether Plaintiff states a claim in his Amended Complaint.

Therefore, Plaintiff's Motion to Exceed Page Limits for Exhibits (Doc. 35) is denied.

**VI.    Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. 29).**

Plaintiff moves to strike Defendant's Motion to Dismiss. *See* Doc. 29. Plaintiff asserts the Motion to Dismiss is improper, as default has been entered.

Because the Court has set aside the default, the Court declines to strike the Motion to Dismiss. Plaintiff's Motion to Strike Defendant's Motion to Dismiss as Improper Post-Default Filing (Doc. 29) is therefore **DENIED**.

**VII.    The Court denies Plaintiff emergency relief.**

In various filings Plaintiff requested that the Court enter emergency relief. Plaintiff requests that the Court (1) order Defendant to deposit into escrow Plaintiff's requested monetary damages and (2) enter injunctive relief prohibiting Defendant from retaliating against Plaintiff. Doc. 32 at 3; Docs. 48, 49.

As explained above, the Court has set aside default and denied Plaintiff's Motion for Default Judgment.  Moreover, it appears at this time that Plaintiff's Amended Complaint fails to state a claim. Finally, there is nothing in the record to suggest that ordering Defendant to place money in escrow or in the Court's registry is warranted. Therefore, the Court declines to issue emergency relief or preliminary injunctive relief.

The Court denies Plaintiff's Supplemental Emergency Motion for Protective Relief and Escrow (**Doc. 32**).

**VIII.    Plaintiff's Motion to Seal Exhibits (Docs. 18, 26).**

Plaintiff filed two motions to seal exhibits. Docs. 18, 26. Plaintiff does not identify the specific docket entry he wants sealed, but it appears that Plaintiff seeks to seal certain exhibits in his Notice of Filing Exhibits A-H, Doc. 17.  Because these documents appear to include personal information, including personal medical records, the Court SEALS the following document from public view, to be accessible by case participants:

- Notice of Filing Exhibits A-H (Doc. 17).

Therefore, Plaintiff's Motions to Seal Exhibits (Docs. 18, 26) are granted.

**CONCLUSION**

As explained above, the Court denies Defendant's Motion to Dismiss (Doc. 23). However, the Court orders Plaintiff to show cause why the Court should not dismiss his case within **twenty-one (21) days** of the entry of this order.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss **(Doc. 23)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff show cause why the Court should not dismiss this case for the reasons identified herein within **twenty-one (21) days** of the entry of this opinion. As explained above, if Plaintiff seeks to file a new amended complaint, he may file **one** pleading with exhibits attached, limited to **thirty (30) pages**. Failure to timely show cause or timely file an amended complaint which states a plausible claim for relief may result in dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default (**Doc. 24**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (**Doc. 25**) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Motion to Dismiss as Improper Post-Default Filing **(Doc. 29)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Protective Relief and Escrow **(Doc. 32)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exceed Page Limits for Exhibits (**Doc. 35**) is **DENIED**.

26

**IT IS FURTHER ORDERED** that Plaintiff's two Motions to Seal Certain Exhibits (**Docs. 18, 26**) are **GRANTED**.  The Clerk of Court is directed to seal Plaintiff's Notice of Filing Exhibits A-H, Doc. 17.

_____/S/_____

KEA W. RIGGS

UNITED STATES DISTRICT JUDGE
