# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

JAMES B. HERRERA,

       Plaintiff,

    vs.                            Case No. 1:25-cv-00658 KWR/JMR

MADDOX MANAGEMENT, LLC,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte* following the Court's second order to show cause why this case should not be dismissed. *See* Mem. Op. & Order, Doc. 51; *see also* Order to Show Cause, Doc. 4. Plaintiff rented an apartment from Defendant and was ultimately evicted in a contested state court proceeding. In this case, Plaintiff asserted Fair Housing Act and Rehabilitation Act claims stemming primarily from Defendant's response to a rental verification request from another prospective landlord during the pendency of the state court proceedings.[1]

On November 26, 2025, the Court issued a Memorandum Opinion and Order directing Plaintiff to show cause again why his case should not be dismissed. *See* Mem. Op. & Order, Doc.

_____

[1] In a prior complaint, he also asserted a procedural due process claim stemming from certain actions in the state court eviction proceeding. He generally asserted that the state court judgment was wrongfully entered because he did not appear at the bench trial. In an order to show cause, the Court explained that this claim failed, and Plaintiff omitted this claim from his Second Amended Complaint. "An amended complaint supersedes a prior complaint 'and renders it of no legal effect.' " *Mooring Cap. Fund, LLC v. Knight*, 388 F. App'x 814, 823 (10th Cir. 2010) (quotation omitted). "Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1137 (10th Cir. 2024). By deciding not to replead the procedural due process claim, he abandoned it. *Id.*

51. The Court explained in detail why each claim should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) or Federal Rule of Civil Procedure 12(b)(6). *Id.* at 11-24. Plaintiff timely responded to the order to show cause by filing a Second Amended Complaint ("SAC"). *See* Second Am. Compl., Doc. 52.[2] For the reasons stated below and in the Court's prior orders, the Court concludes that the Second Amended Complaint continues to fail to state a claim, and the Court dismisses the case.

## BACKGROUND[3]

This case follows Defendant Maddox Management, LLC's eviction proceeding against Plaintiff James Herrera. The Metropolitan Court granted the eviction. Plaintiff appealed that decision to the Second Judicial District Court, which held a *de novo* bench trial, found in Maddox's favor, and awarded damages in Maddox's favor.

Plaintiff subsequently filed Fair Housing Act cases in state court and in this court. Generally, Plaintiff alleges that during the eviction proceedings he attempted to find alternative housing and Maddox responded to rental verification checks by prospective landlords with allegedly misleading or false information.

Plaintiff alleges that Defendants retaliated against him by asserting inflated damages, refusing to apply known rent credits reflected in Defendant's records, and continuing to provide adverse rental information and verification. SAC ¶ 26, Doc. 52. Although Plaintiff now asserts in

---

[2] Although this complaint is labeled as Amended and Supplemental Complaint, it is the second amended complaint Plaintiff has filed in this case. Moreover, although the Court instructed Plaintiff to file a single amended pleading, he also filed a supplement. *See* Second Amended Complaint, Doc. 52; Supplement, Doc. 53.

[3] The Court may take *sua sponte* judicial notice of the case filings in state court, even under Rule 12(b)(6) standard. *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020); *see also Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). The Court takes judicial notice of the state court docket, the existence of the state court eviction proceeding, the date of filing of the eviction proceeding, and the date of judgment.

his SAC that he only challenges the damages Defendant Maddox *sought,* not what the state court awarded, that appears to be a distinction without merit. The state court entered damages, and Plaintiff does not allege that Defendant sought damages which the state court did not award.

**A.    Eviction Proceedings.**

The Metropolitan Court's eviction decision was appealed to the Second Judicial District Court. Following a *de novo* bench trial, the state district court made the following findings. *See* Final Judgment on Appeal Following De Novo Trial, Award for Damages, Fees and Costs and Closing and Dismissing Case, *Maddox Management, LLC v. James B. Herrera*, D-202-cv-2024-02951 (Second Judicial District Court, April 9, 2025).

The state district court noted that Mr. Herrera failed to appear at trial and found that he no longer resides on the premises at issue. *Id.* at 1. It found that the parties entered into a written lease agreement. Rent was $795 per month. Mr. Herrera was served with a three-day notice on September 5, 2023 for failure to pay August and September 2023 rent. *Id.* at 3. The parties reached an agreement in Metropolitan Court in which Mr. Herrera would vacate the premises by December 31, 2023 and the landlord would dismiss the eviction without prejudice. Mr. Herrera did not vacate by the agreed date, and the landlord reopened the eviction case to enforce the settlement agreement. *Id.* The Metropolitan Court granted the motion to enforce the settlement agreement and entered a Judgment for Restitution on April 9, 2024. *Id.* Mr. Herrera voluntarily vacated the premises on June 25, 2024. *Id.*

The state district court held a *de novo* bench trial on April 8, 2025 and found that Mr. Herrera owed $9,152.86 in damages, including unpaid rent, late fees, other charges allowed by the lease, as well as a replacement stove, broken window and cleaning fee. *Id.* Maddox Management, LLC was also awarded attorneys' fees in the amount of $7,130.16. *Id.* at 4.

The state district court entered its mandate on May 12, 2025, stating that the judgment was final.  Mandate to the Metropolitan Court, *Maddox Management, LLC v. James B. Herrera*, D-202-cv-2024-02951(Second Judicial District Court, May 12, 2025).

**B.    Fair Housing Act cases.**

On July 11, 2025, Plaintiff filed a complaint in this court asserting a (1) Fair Housing Act claim, (2) a procedural due process claim, and (3) a Rehabilitation Act claim.  Plaintiff alleged that his landlord – who was pursuing eviction proceedings against him in state court – responded to rental verifications by prospective landlords with false or misleading information, impeding his ability to find alternative housing and resulting in the loss of his Section 8 voucher.  Plaintiff summarily alleged as follows in his Amended Complaint (Doc. 6):

**IV. FACTUAL ALLEGATIONS**

7. Plaintiff resided in a rental property managed by Maddox Management LLC beginning in August 2021.

8. Plaintiff received Section 8 housing assistance through the Albuquerque Housing Authority (AHA).

9. Defendant interfered with Plaintiff's attempt to relocate under his voucher by submitting false or misleading information to prospective landlords, leading to wrongful denials.

10. As a result, Plaintiff's Section 8 voucher assistance was revoked, causing financial hardship and job loss.

11. Defendant retaliated against Plaintiff for asserting his housing rights, including pursuing inflated and excessive claims for property damages, refusing to apply rent credits, and contributing to an unlawful eviction.

12. Plaintiff moved out of the property on June 1, 2024, after filing an appeal in state court.

13. Despite Plaintiff filing an excused absence for the hearing, the state court entered judgment against Plaintiff in the appeal.

14. Plaintiff suffers from documented medical and psychological disabilities and had requested reasonable accommodations from Defendant, which were ignored.

15. Plaintiff attempted to resolve the dispute through a good faith settlement offer, which was dismissed by Defendant's attorney, who further instructed Plaintiff to cease all future communication.

16. Plaintiff does not seek to vacate or overturn the state court judgment but seeks prospective relief for ongoing and future harms stemming from Defendant's conduct.

### V. CLAIMS FOR RELIEF

**Count I: Violation of the Fair Housing Act (42 U.S.C. § 3604, § 3617)**
17. Defendant unlawfully interfered with Plaintiff s housing rights and retaliated against him for engaging in protected activity.

**Count II: Violation of Procedural Due Process (U.S. Const. Amend. XIV)**
18. Plaintiff was deprived of housing and benefits without due process of law when his excused absence from state court proceedings was ignored, contributing to wrongful judgment and eviction.

**Count III: Disability Discrimination (Rehabilitation Act, Section 504)**
19. Defendant failed to accommodate Plaintiff s disabilities and retaliated against him for asserting those rights, resulting in additional housing instability and harm.

Am. Compl., Doc. 6 at 2-3.

On April 24, 2025, Plaintiff filed a complaint in the Second Judicial District Court, New Mexico, asserting similar claims. *See* Compl., *James B. Herrera v. Maddox Management, LLC*, D-202-cv-2025-03875 (Second Judicial District Court). In that case, Plaintiff alleged that he applied to rent an apartment at Tesoro Apartments under a Section 8 Housing Choice Voucher program. *Id.* at 4. However, he alleges that Maddox Management, LLC submitted a misleading and incomplete rental verification, causing Tesoro to deny Plaintiff housing. He alleges that Tesoro management admitted the denial was based on an error and indicated willingness to reconsider. However, Plaintiff lost his Section 8 voucher, housing assistance, and employment. His complaint

asserted a violation of the Fair Housing Act and a Rehabilitation Act claim. He also cited to 42 U.S.C. § 1983, but did not specify a claim under § 1983.  *Id*. at 4.

**C.    The Court issued a Memorandum Opinion and Order concluding that Plaintiff's Amended Complaint failed to state a claim and directed Plaintiff to show cause why this case should not be dismissed.**

Pursuant to 28 U.S.C. § 1915(e), the Court *sua sponte* reviewed the Amended Complaint and found that it failed to state a claim. Mem. Op. & Order, Doc. 51. The Court also addressed Defendant's pending Motion to Dismiss. *See* Mot. Dismiss, Doc. 23. The Court noted as follows.

Under Count I, Plaintiff alleged a violation of the Fair Housing Act, asserting that "Defendant unlawfully interfered with Plaintiff's housing rights and retaliated against him for engaging in protected activity." Mem. Op. & Order at 15 (quoting Am. Compl., Doc. 6 at 2). Plaintiff alleged that Defendant discriminated against him by responding with misleading or false information to rental verification requests from prospective landlords. The Court concluded that Plaintiff failed to state a claim, as he failed to plead factual allegations plausibly alleging a prima facie case of discrimination or causation. The Court noted that Plaintiff failed to plausibly plead an FHA claim based on Defendant's alleged responses to rental verifications from prospective landlords. The Court also detailed further reasons why Count I fails.  Mem. Op. & Order at 15-19, Doc. 51.

Under Count II, Plaintiff asserted a Fourteenth Amendment Due Process claim, asserting that his due process rights were violated when the state court allegedly entered judgment against him after he failed to appear at a bench trial on his eviction proceedings.  The state court held the evidentiary bench trial, heard testimony and received evidence, and entered judgment. The Court explained that *Rooker-Feldman* prevented this court from hearing this claim because he asserts

that the state court judgment was wrongfully entered and violated his due process rights. *Id.* at 19-21. The Court alternatively explained that Defendant was not a state actor and did not act under the color of law, and Plaintiff could not assert a §1983 claim against it. *Id.* at 21.

Finally, Plaintiff asserted in Count III a claim under Section 504 of the Rehabilitation Act, codified under 29 U.S.C. § 794(a). Plaintiff summarily alleged that "Defendant failed to accommodate Plaintiff's disabilities and retaliated against him for asserting those rights, resulting in additional housing instability and harm." Am. Compl., Doc. 6 at ¶ 19. The Court explained that Plaintiff failed to plausibly allege a prima facie case of discrimination, failed to plausibly allege he is disabled, failed to allege that Defendant was a recipient of federal financial assistance, and failed to allege that he was otherwise qualified under the Section 8 program.

The Court ordered as follows:

> **IT IS FURTHER ORDERED** that Plaintiff show cause why the Court should not dismiss this case for the reasons identified herein within **twenty-one (21) days** of the entry of this opinion. As explained above, if Plaintiff seeks to file a new amended complaint, he may file **one** pleading with exhibits attached, limited to **thirty (30) pages**. Failure to timely show cause or timely file an amended complaint which states a plausible claim for relief may result in dismissal of this case without further notice.

Mem. Op. & Order at 26, Doc. 51.

### D.    Plaintiff timely responded to the order to show cause with a Second Amended Complaint.

In response to the Court's order to show cause, Plaintiff timely filed a Second Amended Complaint ("SAC"). Doc. 52. Plaintiff's SAC omitted the procedural due process claim. The SAC continued to assert a Fair Housing Act claim (Count I) and a Rehabilitation Act Claim (Count II). However, under Count I he appears to have dropped his discrimination claim but kept his retaliation claim. The SAC states that it "is complete in itself and supersedes all prior pleadings."

SAC ¶ 1, Doc. 52.  Therefore, the Court will limit its analysis to the SAC and the exhibits Plaintiff attached to and referenced in the SAC.

Plaintiff alleged as follows in his SAC. Plaintiff rented a residential unit managed by Defendant from August 1, 2021 through June 1, 2024.  SAC ¶ 9. His emotional support animal died "following suspected poisoning." *Id.* ¶ 11.

During his tenancy he reported safety concerns and harassment by a neighboring tenant to Defendant, *Id.* ¶ 10, but he does not describe the safety concerns or provide factual allegations regarding the harassment. Plaintiff alleged in a conclusory fashion that beginning in May 2024, he filed complaints with the US Department of Housing and Urban Development and the New Mexico Human Rights Bureau. *Id.* ¶13. He did not assert any factual allegations describing those complaints. Plaintiff summarily alleges that "Defendant was aware of Plaintiff's protected activity."  *Id.* ¶ 14.

In January 2024, Plaintiff applied for housing at Tesoro Apartments with a housing voucher.  *Id*. ¶ 17. He asserts the application was initially approved contingent upon a rental verification from Defendant. *Id.*  ¶ 18. He cites to Exhibit A attached to the SAC, which includes an e-mail exchange between Tesoro Apartments and Plaintiff. It also includes a copy of a hand-filled rental verification by Josh Price on behalf of Defendant, dated approximately January 3, 2024. *Id.*, Ex. A at 18. It marked a box that he paid rent "sometimes late." *Id.* It left unchecked the box "delinquent", "eviction proceedings", and "rent in arrears." *Id.*

Plaintiff asserted that "Defendant, through its representative Josh Price, provided rental verification information to Tesoro Apartments identifying Plaintiff as owing a delinquent balance and otherwise unsuitable for tenancy."  *Id.* ¶ 19.  That allegation cites to exhibit B, but that exhibit does not have anything suggesting that Plaintiff owed a delinquent balance or was unsuitable for

tenancy. *Id.,* Ex. B. at 23. The rental verification form under Exhibit B is heavily redacted. The portions viewable to the Court do not state that Plaintiff was unsuitable for tenancy, owed a delinquent balance, or had pending eviction proceedings. *Id.* Josh Price e-mailed Plaintiff, stating that he omitted information that he was not obligated to share and which Plaintiff "would [] most likely [not] want me to do so." *Id*. at 22.

Tesoro rescinded Plaintiff's approval. SAC ¶ 20. It later acknowledged that the denial was not in accordance with its policy and offered to review Plaintiff's application. *Id.* ¶ 21. Tesoro Apartments admitted that there was no reason, upon reviewing the rental verification, that his application should have been denied. *Id.* at 23. Plaintiff alleges that he had HUD-funded rental assistance from a third-party organization in New Mexico. *Id.* ¶ 22. Defendant's rental verification caused the lease with Tesoro to fail, and he was therefore unable to access the rental assistance. *Id.* ¶ 23.

Plaintiff alleged that after he "engaged in a protected activity", Defendant escalated its conduct by (1) asserting inflated damage claims in the eviction proceedings; (2) refusing to apply rent credits; and (3) continuing to provide adverse rental information and refusing neutral verification. *Id.* ¶ 26. Plaintiff summarily alleges that the Defendant's adverse actions occurred after it became aware of Plaintiff's protected activities. *Id.* ¶ 28. But the rental verifications were signed on January 3, 2024, months before Plaintiff filed his complaint with HUD in May 2024. *Id.*, Ex. A at 18; *Id.,* Ex. B. at 23. Plaintiff does not present any factual allegations regarding the Defendant's actions in seeking the alleged damages. Moreover, the eviction proceedings were pending well before the HUD complaint.

Plaintiff summarily alleged that Defendant is a recipient of federal financial assistance through HUD-related housing programs and is a program or activity under 29 U.S.C. § 794(b)(3). SAC ¶ 32. But he does not assert any factual allegations supporting that conclusion or inference.

Plaintiff summarily alleged that he receives Supplemental Security Income based on a determination of disability and he has impairments which substantially limit major life activities including mobility, endurance, concentration and stress regulation. SAC ¶¶ 33-34. Aside from these conclusory allegations, he asserts no factual allegations describing his disability. Plaintiff summarily alleges that Defendant was aware of his disability status, but does not allege any facts supporting that inference. *Id.* ¶ 36.

## LEGAL STANDARDS

Plaintiff filed an application to proceed *in forma pauperis*, which the Court granted. *See* Docs. 2, 7, 9. Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss "at any time" any complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that… the action… fails to state a claim on which relief may be granted…") (emphasis added). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

All complaints filed in Federal court must also comply with Fed. R. Civ. P. 8(a). Under that rule, a pleading must contain "a short and plain statement" of the grounds for relief, and "[e]ach allegation must be simple, concise, and direct." Rule 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Many of Plaintiff's allegations are vague or conclusory, or he does not provide sufficient factual allegations to state a plausible claim. Vague and conclusory allegations are not sufficient to state a claim. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). A district court reviews a complaint as follows:

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162.
>
> A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are " 'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts

or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks*, 985 F.3d at 1281 (footnote omitted).

In his Second Amended Complaint Plaintiff cites to and attaches exhibits. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith*, 561 F.3d at 1098 (internal quotation marks omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted); *see also Hall v. Bellmon,* 935 F.2d 1106, 1112 (10th Cir.1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal."). "[A]lthough we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, if there is a conflict between the allegations in the complaint and the content of the attached exhibit, the exhibit controls." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (as to television episode attached to complaint, attachment controlled over allegation).

## DISCUSSION

As explained below, Plaintiff's Second Amended Complaint fails to state a claim.

I.      **Plaintiff's Fair Housing Act claim (Count I) fails to state a claim.**

Plaintiff alleges that Defendant violated the Fair Housing Act, citing to 42 U.S.C. § 3617. He alleges that Defendant (1) interfered with his rental application by responding misleadingly or falsely to a rental verification request from a prospective landlord (2) and retaliated against him for filing a HUD complaint by misleadingly replying to the rental verification request and by seeking damages in the pending state court eviction proceeding.

As explained below, Plaintiff fails to state a Fair Housing Act claim for disability discrimination or retaliation. Under the Fair Housing Act ("FHA"), "it is unlawful to discriminate against a 'buyer or renter because of a handicap,' 42 U.S.C. § 3604(f)(1), or to coerce, intimidate, threaten, or interfere with a person's exercise or enjoyment of any right granted or protected by the FHA, *id.*, § 3617." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between [his] disability or protected activity and the alleged adverse action." *Id.* (citing *Wilson v. Warren Cty.*, 830 F.3d 464, 467-68 (7th Cir. 2016) (affirming dismissal under Rule 12(b)(6) because plaintiff claiming violations of §§ 3604(f)(1) & 3617 failed to plausibly allege that adverse action was "because of his disability")).

In his Amended Complaint, Plaintiff asserted a disability discrimination claim under § 3604(f)(1) and a retaliation or interference claim under § 3617. Here, in his Second Amended Complaint Plaintiff appears to have dropped his discrimination claim and only appears to assert a retaliation or interference claim pursuant to § 3617. *See* SAC ¶¶ 2, 16, Doc. 52. As explained below, that claim fails. Moreover, assuming he also asserts a disability discrimination claim under § 3604, that claim still fails.

Only assuming Plaintiff continues to assert a disability discrimination claim, Plaintiff does not plausibly allege disability discrimination. To prove a claim of discrimination under the FHA

or Rehabilitation Act, Plaintiff may offer either direct evidence or may point to circumstantial evidence of discriminatory intent, thereby "invok[ing] the familiar *McDonnell Douglas* burden shifting scheme originally spawned in the Title VII arena but long since equally entrenched in the FHA, ADA, and RA contexts." *Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 919 (10th Cir. 2012). Plaintiff bears the burden of putting forth a *prima facie* case of discrimination, which must include factual allegations suggesting that the defendant took the complained of action because of plaintiff's disability. *Id.* at 920. Here, as explained below, Plaintiff only summarily asserts discrimination.

Plaintiff alleges he is disabled, but his Second Amended Complaint does not assert any factual allegations regarding his alleged disability. Plaintiff filed a supplemental exhibit citing to a Social Security letter stating that he is disabled. As explained in the Court's prior order, the Court directed him to file a single pleading. Even if the Court considered the supplement, there are no factual allegations regarding his disability. As the Court explained below in its analysis of the Rehabilitation Act claim, Plaintiff failed to plausibly allege that he is disabled.

Plaintiff alleges that Defendant discriminated against him by responding to rental verifications by prospective landlords with false or misleading information. But Plaintiff also does not allege that Defendant discriminated *in the sale or rental of a dwelling, or otherwise made unavailable or denied him* a dwelling, because of his disability. 42 U.S.C. § 3604(f)(1)(A) (it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter."). Plaintiff does not allege that Defendant denied him a rental or a dwelling. Rather, Plaintiff alleges that Defendant violated the Fair Housing Act when it provided an allegedly misleading response to rental

verification inquiries from prospective landlords, while the state court eviction proceeding was pending.  This type of claim does not appear to fall under the Fair Housing Act.

Alternatively, Plaintiff does not allege sufficient facts supporting his conclusory allegation that Defendant responded to rental verification requests with a false or misleading statement. Plaintiff asserts that the rental verification stated that he owed a delinquent balance and was unsuitable for tenancy. SAC ¶ 19. But as explained below, the rental verification did not state that he was unsuitable for tenancy, that there was a pending eviction proceeding for non-payment of rent, or that Plaintiff owed a past-due balance. *First*, Plaintiff's allegation that Defendant stated he was unsuitable for tenancy is a conclusory assertion without any underlying facts. *Brooks* v. *Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.").  Reviewing the rental verification cited in and attached to the SAC, it is unclear what, if anything, would state that Plaintiff was unsuitable for tenancy.   SAC, Doc. 52, Ex. A at 18. *Second*, the rental verification he attaches and cites to does not reflect that an eviction proceeding was pending or he had an unpaid balance due and owing.  Rather, the rental verification left those boxes unchecked. *Id.*, Ex. A at 18.  Plaintiff has not alleged or explained what was false or misleading in Defendant's response to the rental verification request.

Alternatively, the SAC does not assert facts plausibly alleging that he was not delinquent or that he did not owe rent. Plaintiff did not allege in his Second Amended Complaint that he was not occasionally late on rent or did not have a delinquent balance.

Moreover, Plaintiff fails to plausibly allege causation. "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between her disability or protected activity and the alleged adverse action." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th

Cir. 2017).  Here, Plaintiff failed to identify a connection between his protected activity or disability and the alleged adverse action. Plaintiff summarily alleged that Defendant was aware of his disability, but he did not allege factual allegations supporting that conclusion or inference.

Plaintiff also alleges that Defendant retaliated against him or interfered with a right under the FHA. The FHA prohibits retaliation against individuals on the basis of their exercise of their rights under the FHA:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 [42 U.S.C. § 3603, 3604, 3605, or 3606].

42 U.S.C. § 3617. "To prove a § 3617 retaliation claim, a plaintiff must show that '(1) [he] is a protected individual under the FHA, (2) [he] was engaged in the exercise or enjoyment of [his] fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of [his] protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate.' " *Hatfield v. Cottages on 78th Cmty. Ass'n,* No. 21-4035, 2022 WL 2452379, at *8 (10th Cir. July 6, 2022) (quoting *in part Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009)).

As explained above, Plaintiff does not provide factual allegations plausibly suggesting he is a protected individual under the FHA. Although he summarily asserts he is disabled, he provided no factual allegations describing his disability.

Plaintiff did not plausibly allege that Defendant was motivated by an intent to discriminate. Plaintiff summarily alleges that Defendant knew that he was disabled, but he did not assert any factual allegations to support that inference or conclusion. *Brooks* v. *Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.").

16

Moreover, it is unclear why Defendant would intentionally interfere with his use of a Section 8 voucher with another landlord, especially when it appears that interfering with Plaintiff's attempt to move left Defendant with a non-paying tenant and greater, probably uncollectable, damages.[4]

Moreover, he does not assert sufficient factual allegations to plausibly allege that Defendant interfered with his protected activity under the FHA or a right under § 3604. The Court notes that Plaintiff only identifies one right or protected activity in his complaint: filing a complaint with HUD in May 2024. SAC ¶¶ 13-15. Therefore, in ruling on this motion the Court will assume that is the only protected activity or right at issue with which Defendant allegedly interfered. Plaintiff fails to plead factual allegations underlying the HUD complaint. He also fails to plead factual allegations supporting a conclusion or inference that Defendant was aware of that HUD complaint.

Moreover, Plaintiff failed to plead causation. The rental verification identified in the complaint was signed on January 3, 2024, well before Plaintiff filed his HUD complaint. *See* Doc. 52, Ex. A at 18, Ex. B at 23; SAC ¶ 13 (alleging that he began filing complaints in May 2024). Because Defendant committed the alleged retaliatory acts or interference *before* Plaintiff engaged in his protected activity (filing a complaint with HUD in May 2024), it necessary could not have retaliated against Plaintiff for his protected activity under § 3617. *See Morgan,* 719 F. App'x at 744. Therefore, Plaintiff failed to plausibly plead causation.

In his Second Amended Complaint, Plaintiff also asserts that Defendant Maddox retaliated against him by seeking inflated damages. SAC ¶ 26(a). Plaintiff does not identify the damages sought by Defendant or explain what specific damages sought by Defendant Maddox were

---

[4] Plaintiff asserts he receives Supplemental Security Income, which has strict income limitations. *See* SAC ¶ 33, Doc. 52.

inflated. To the extent Plaintiff challenges the state court judgment awarding damages in the eviction proceeding, the Court lacks jurisdiction over that claim under *Rooker-Feldman.* Plaintiff asserts that he is not challenging the state court judgment, but Defendant's act of seeking damages in the state court proceeding. The Court does not see the distinction. The state court awarded Defendant Maddox damages. Plaintiff does not allege that the state court rejected damages requested by Defendant Maddox. Therefore, Plaintiff's challenge of Defendant Maddox seeking damages in state court necessarily implies that the state court judgment was wrongful and therefore barred by *Rooker-Feldman*, as explained in detail in the Court's prior Opinion. *See* Mem. Op. & Order, Doc. 51.

Alternatively, assuming the Court has jurisdiction, Plaintiff has not pleaded causation between his protected activity and Defendant's request for damages in the pending evicting proceeding. The eviction proceedings were pending well before the HUD complaint, and Defendant Maddox Management won the eviction proceedings and obtained a damages award in Metropolitan Court on April 9, 2024, before Plaintiff filed the HUD complaint.[5] *See Morgan v. Carrington Mortg. Servs.,* 719 F. App'x 735, 744 (10th Cir. 2017) (concluding that plaintiff failed to show causation when they engaged in protected activity only *after* mortgagor successfully foreclosed on loan); SAC ¶ 13 (Plaintiff asserts he filed a HUD complaint "beginning in May 2024").[6] Finally, Plaintiff has not explained how seeking damages in a pending eviction proceeding interfered with his protected activity.

---

[5] As explained above, the Court may take judicial notice of court dockets. Here, the Court takes notice of the date of certain events, such as the existence and pendency of the eviction proceeding, or the date of and fact of entry of judgment in Metropolitan Court.

[6] As explained in the Background section of this Opinion, the Metropolitan Court entered judgment on April 9, 2024, before Plaintiff filed his HUD complaint in May 2024. Plaintiff appealed that judgment to the state district court, which held a *de novo* bench trial a year later. Plaintiff does not describe any actions by Maddox in the appeal. To the extent Plaintiff challenges Maddox's actions

Therefore, Plaintiff failed to plausibly allege a Fair Housing Act claim under Count I.

**II.     Plaintiff failed to plausibly allege a Rehabilitation Act claim.**

Plaintiff asserted a claim under Section 504 of the Rehabilitation Act, codified under 29 U.S.C. § 794(a). He summarily alleged that "Defendant provided adverse rental verification information and refused to provide neutral verification because of Plaintiff's disability and protected activity." SAC ¶ 38. Thus, unlike the FHA claim above, Plaintiff's Rehabilitation Act claim is limited to Defendant's response to the rental verification request.

Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Plaintiff has failed to plausibly allege a prima facie case of discrimination in violation of the Rehabilitation Act. He was required to establish that '(1) that [he] is disabled under the Act'; (2) that [he] would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency ...); and (4) that the program has discriminated against the plaintiff." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

Here, Plaintiff summarily alleges that he is disabled, but he does not plausibly allege facts suggesting he is disabled. The Rehabilitation Act defines the term "disability" to mean any of the following:

---

in his appeal to the Second Judicial District Court, Plaintiff's claim still fails for the multiple alternate reasons identified in this Opinion, including the (1) failure to plead factual allegations describing the alleged wrongful actions in the appeal, (2) failure to plausibly allege a disability, (3) failure to plead facts plausibly alleging he was engaged in the enjoyment of his fair housing rights (i.e., describing his HUD Complaint), and (4) failure to plead facts plausibly alleging an intent to discriminate.

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2); *see also EEOC Interpretive Guidelines for the Rehabilitation Act,* 29 C.F.R. § 1614.203(b). To be substantially limited in a major life activity, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). The impairment's impact must "be permanent or long term." *Id.* In analyzing whether something is a disability the court looks to whether it is a "physiological disorder or condition affecting one or more body systems, or any mental or psychological disorder." *Enwonwu v. Fulton–Dekalb Hosp. Auth.,* 286 Fed.Appx. 586, 603 (11th Cir.2008) (citing 29 C.F.R. § 1630.2(h)(1), (2)). A medical diagnosis is insufficient, rather, "the ADA requires plaintiffs to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial." *Id.*

*Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010). Plaintiff asserts no factual allegations regarding his alleged disability. Although he asserts he is disabled, as explained above, that conclusion or inference is not sufficient to plausibly allege that he is disabled. *Brooks*, 985 F.3d at 1281 ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.").

Plaintiff also does not assert any factual allegations plausibly alleging that Defendant Maddox is a "program or activity" under § 794(a) or a recipient of federal financial assistance. *See, e.g., Schrader v. Fred A. Ray, M.D., P.C.,* 296 F.3d 968, 974 (10th Cir.2002) ("Unlike the blanket involuntary coverage of the ADA, however, the Rehabilitation Act's coverage extends only to entities that choose to receive federal assistance."); 29 U.S.C. § 794(b)(3) (a corporation or other private organization is a 'program or activity' under 794(a) if assistance is extended to the entity as a whole or it is principally engaged in the business of providing housing). Plaintiff summarily alleges that Defendant receives federal financial assistance, but he does not assert factual allegations supporting that conclusion or inference. *See, e.g.* SAC ¶ 32.

As explained above, Plaintiff failed to plead a *prima facie* case of discrimination, and he failed to assert factual allegations plausibly alleging that he was denied a Section 8 voucher, or Defendant acted, because of discrimination rather than some other reason. Moreover, as noted above, Defendant did not deny benefits to Plaintiff or exclude Plaintiff from a program receiving federal financial assistance. It merely responded to a rental verification request from a prospective landlord.

Thus, Plaintiff failed to state a claim under the Rehabilitation Act.

## III.  **The Court is not *required* to *sua sponte* offer leave to amend a third time because Plaintiff failed to cure deficiencies by amendments previously allowed.**

The Court issued two orders to show cause explaining why Plaintiff's complaint fails to state a claim upon which relief can be granted. Although Plaintiff timely filed amended complaints in response to both orders to show cause, the Court concludes that his Second Amended Complaint continues to fail to state a claim.  Because the Court has already offered leave to amend twice, it need not *sua sponte* offer leave to amend again. The Court warned Plaintiff that "[f]ailure to timely show cause or timely file an amended complaint which states a plausible claim for relief may result in dismissal of this case without further notice." Mem. Op. & Order at 26, Doc. 51; *see Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, **failure to cure deficiencies by amendments previously allowed**, or futility of amendment.") (emphasis added). Therefore, the Court declines to *sua sponte* offer leave to amend a third time.

### CONCLUSION

Plaintiff failed to state a claim on which relief can be granted.  Therefore, the Court dismisses this case and will enter a separate judgment.

**IT IS THEREFORE ORDERED** that this case is dismissed for failure to state a claim. All claims in this case (Counts I and II) are dismissed with prejudice for failure to state a claim. However, to the extent Count I challenges damages awarded in a state court judgment, the claim is dismissed without prejudice under *Rooker-Feldman*.[7]

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[7] The Tenth Circuit has concluded that dismissals under *Rooker-Feldman* must be without prejudice for lack of jurisdiction. *Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006).